[Cite as *Strickland v. Dept. of Rehab. & Corr.*, 2010-Ohio-3228.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TOMMIE STRICKLAND

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2008-11362

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

<u>MAGISTRATE DECISION</u>

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Ross Correctional Institution (RCI) pursuant to R.C. 5120.16. Plaintiff alleges that on June 29, 2008, at approximately 6:00 a.m., inmate Hall came into his cell while he was asleep and assaulted him. Plaintiff alleges that defendant was negligent in failing to prevent the assault.

{¶ 3} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its prisoners; however, the state is not an insurer of inmate safety. *Williams v. Southern Ohio*

*Correctional Facility* (1990), 67 Ohio App.3d 517, 526.

{¶ 4}  Defendant is not liable for the intentional attack on one inmate by another unless it had adequate notice, either actual or constructive, of an impending attack. *Mitchell v. Ohio Dept. of Rehab. & Corr.* (1995), 107 Ohio App.3d 231, 235.  The distinction between actual and constructive notice is in the manner in which notice is obtained rather than in the amount of information obtained.  Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual.  Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice.  *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197.

{¶ 5}  Plaintiff testified that a corrections officer (CO) opened the door to his cell from a remote control panel every morning at 6:00 a.m. so that he could go to breakfast. Plaintiff stated that he does not know the time his cell door was opened on the morning of the incident, but that he was asleep when Hall entered his cell and attacked him with a weapon made from a padlock placed in a sock.  Plaintiff testified that as a result of the attack he sustained a fractured left cheekbone, a laceration to his forehead, and the loss of three of his front teeth.  Plaintiff stated that Hall probably attacked him because he had stolen food and tobacco from Hall's cell in the weeks prior to the attack in order to settle a $20 "gambling debt."  However, plaintiff admitted that prior to the attack, he had never had a confrontation with Hall, had never been threatened by Hall, had never feared Hall would attack him, and had never expressed any concern about Hall to RCI staff.

{¶ 6}  Nonetheless, plaintiff contends that Hall would not have been able to gain access to his cell if proper procedure were followed with regard to the opening of his cell door.  Additionally, plaintiff testified that a CO should have been posted at the desk near his cell at the time of the incident, but was not.

{¶ 7}  Jeff Carroll testified that he was working as a Corrections Sergeant at RCI

in plaintiff's housing unit at the time of the incident.  Carroll testified that he is familiar with the procedure for the unlocking and opening of cell doors at RCI.  According to Carroll, the "chow hall" would call the housing unit approximately ten minutes before breakfast was to be served and that, upon receiving the call, the CO stationed at the control desk would press a button which would unlock all of the cell doors in the unit. Carroll further stated that, once unlocked, a cell door could be opened from inside the cell but only by the inmate pressing a button.  However, Carroll testified that inmates were known to "jimmy" the doors so that they would spring open as soon as they were unlocked.  Carroll further testified that if a door malfunctioned, it was the inmate's responsibility to notify staff of the problem.

**{¶ 8}**  Carroll also testified that while there is a CO "post" near plaintiff's cell, the CO posted there is not required to remain at that post for the duration of the shift. Instead, the CO's duties include making rounds and generally "just being in the unit."

**{¶ 9}**  Based upon the foregoing testimony, the court finds that plaintiff failed to establish that defendant had actual or constructive notice that Hall would attack him, or that defendant opened the door to his cell on the morning of the incident, or that defendant was negligent for failing to assure that a CO was at his or her post at the time of the incident.  Accordingly, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

John P. Reichley
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Tommie Strickland, #537-430
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699

MR/cmd/Filed June 16, 2010/To S.C. reporter July 7, 2010